# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWIGHT SAMUEL BIGHEAD, JR., Individually, on behalf of himself and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-15-0710-HE |
| EAGLE I SECURITY, LLC, A Domestic Limited Liability Company, and JOHN SHELLEY, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Dwight Samuel Bighead, Jr. filed this action under the Fair Labor Standards Act ("FLSA") against Eagle I Security, LLC ("Eagle Security") and John Shelley, the sole owner and member of Eagle Security, on behalf of himself and other security guards who worked for defendants. Plaintiff alleges defendants violated the FLSA by misclassifying security guards as independent contractors rather than as employees. He claims they failed to compensate him and similarly situated employees for overtime hours worked. Defendant Shelley has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Defendant Shelley argues that under Oklahoma law he cannot be held liable for the "actions or inactions of Eagle I." Doc. #10, p. 2. He relies on 18 Okla. Stat. § 2022, which provides that "[a] person who is a member or manager, or both, of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being such member or manager or both." He also asserts that he "is in no way considered an employer

with regard to Plaintiff under applicable law." Doc. #10, p. 2.

Plaintiff responds that defendant Shelley's motion is untimely because he filed it contemporaneously with his answer, rather than before his responsive pleading as required by Fed.R.Civ.P. 12(b). If his motion is not struck as being untimely, plaintiff contends it fails on the merits because the FLSA provides that an individual may be held personally liable for violating the statute.

Rule 12(b) provides that "[a] motion asserting any of [the] defenses" listed in the Rule, including a 12(b)(6) motion to dismiss for failure to state a claim, "must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b). Defendant Shelley's motion to dismiss, filed at the same time as his answer is, therefore, untimely. However, when a defendant asserts in his answer the same grounds he relies on in a Rule 12(b)(6) motion, some courts have construed the motion to dismiss as a motion for judgment on the pleadings. *See e.g.* Thornton v. City of St. Petersburg, 2012 WL 2087434, at *2 (M.D. Fla. June 8, 2012). In the interests of judicial efficiency, the court will consider defendant's motion under Rule 12(c).[1] *Id.*

Plaintiff alleges in the complaint that defendant Shelley "regularly exercises authority to a) hire and fire employees, b) determine the work schedules for the employees, and c) controls the finances and operations of the business." Doc. #1, p. 1-2. He is not attempting

---

[1]*When considering whether a plaintiff's claim should be dismissed under Rule 12(c), the court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff as the nonmoving party. Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005).*

to hold defendant Shelley accountable for the actions or inactions of Eagle Security, but for his own conduct as an "employer" under the FLSA.

The FLSA defines "employer" as including "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "Many courts have held that individual supervisors can be liable under the Act." Mojsilovic v. Oklahoma ex rel. Bd. of Regents for the Univ. of Oklahoma, 2015 WL 1542236, at *2 (W.D. Okla. Apr. 7, 2015), *appeal filed*, No. 15-6151 (10th Cir. Aug. 11, 2015). *See* Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 153 (3d Cir. 2014) ("Aside from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA."). In determining whether an individual functions as an employer for purposes of the FLSA, the "economic realities of the relationship govern." Baker v. Flint Eng'g & Const. Co., 137 F.3d 1436, 1440 (10th Cir. 1998). Pertinent inquiries include whether the person has "the power to hire and fire employees, supervise[] and control[] employee work schedules or conditions of employment, determine[] the rate and method of payment, and maintain[] employment records." *Id.*

Considering the allegations in the complaint in light of these factors, the court concludes plaintiff has sufficiently pleaded that defendant Shelley was his employer for FLSA purposes. Defendant Shelley's motion to dismiss, construed as a Fed.R.Civ.P. 12(c) motion [Doc. #10], is **DENIED**.

**IT IS SO ORDERED**.

Dated this 4th day of November, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE